07 CV 6415

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDWIN RAFFADEEN and <br> BIBI RAFFADEEN, <br> *Plaintiffs*, <br><br> v. <br><br> AMERIQUEST MORTGAGE COMPANY, <br> *Defendants*. | ) <br> ) <br> ) CASE NO. <br> ) <br> ) COMPLAINT <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

JUL 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## INTRODUCTION

1. This lawsuit is filed by consumers residing in the Bronx who entered into a predatory mortgage loan with the defendant, Ameriquest Mortgage Company. Ameriquest violated the Federal Truth in Lending Act ("TILA" or the "Act"), 15 U.S.C. § 1601, *et seq.*, by failing to notify them of their right to cancel the mortgage in the manner specified by the Act and Regulation Z (12 C.F.R. Part 226).

2. All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

3. All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendant's misconduct.

4. Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

## JURISDICTION

5. Jurisdiction in this Court is proper under 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

6. This Court has jurisdiction over the Defendant because it regularly conducts business in this state.

7. Edwin Raffadeen & Bibi Raffadeen live and own property, the financing of which gives rise to this case, in Bronx Count, New York.

8. Thus venue in this Court is proper because the Plaintiffs all live within the Southern District's jurisdiction and the case concerns real property located in the Southern District.

## *COUNT ONE*

9. On or about May 3, 2004, Bibi Raffadeen entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and both Edwin Raffadeen & Bibi Raffadeen provided a mortgage on their residence to secure the indebtedness.

10. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

11. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

12. In the course of this consumer credit transaction, Defendant violated TILA by failing to adequately notify the Plaintiffs of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

13. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

14. On information and belief, Defendant assigned this mortgage loan to another entity.

15. The Plaintiffs exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator of this mortgage loan, which notice has been received by the Defendant.

16. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission to the same extent as the Defendant under 15 U.S.C. § 1641(c).

17. More than twenty calendar days have passed since Defendant received the notice of rescission.

18. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

19. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

20. As a result of the aforesaid violations of the Acts and Reg. Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiffs' property created under the transaction;

c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiffs' rescission notice;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

Case 1:07-cv-06415-SAS   Document 1   Filed 07/13/2007   Page 4 of 6

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction of this case;

2. Declare that the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendant to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs actual and statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notice of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

9. Order that, because the Defendant failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: New York, New York
July 13, 2007

                          Respectfully submitted,
                          Bromberg Law Office, P.C.

By: _____
     Brian L. Bromberg (BB: 6264)
     One of Plaintiffs' Attorneys

Attorneys for Plaintiffs
Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906

Andrew G. Pizor (SDNY #AP: 4249)
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel: (860) 571-0408